## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02233-WJM-NYW

MALOW M. MAYEK,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
SERGEANT JOSEPH A. RODARTE, in his individual capacity,
DOUGLASS WATSON, in his individual capacity, and
JAMES MARTINEZ, in his individual capacity,

      Defendants.

---

## DEFENDANT CITY AND COUNTY OF DENVER'S ANSWER TO
## PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

Defendant the City and County of Denver ("Denver"), by and through undersigned counsel, hereby answers Plaintiff's Complaint and Jury Demand ("Complaint") [Doc. #1] as follows:

### I.      INTRODUCTION

1.      In response to paragraph 1 of the Complaint, Denver admits that Plaintiff was arrested and handcuffed on August 22, 2018, and that Defendants Sergeant Joseph Rodarte and Officers Douglas Watson and James Martinez ("Individual Defendants") were employed by the Denver Police Department ("DPD") and using equipment issued by DPD. Denver further admits that Defendant Rodarte struck Plaintiff multiple times with a metal baton and applied nunchucks to Plaintiff's lower right leg, that Defendants Watson and Martinez deployed their Tasers, and that

the Individual Defendants were found to have violated DPD's use of force policy. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 1 of the Complaint and, thus, denies the same.

2.      Denver is without information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint and, thus, denies the same.

3.      In response to paragraph 3 of the Complaint, Denver admits that the District Attorney for the State of Colorado's Second Judicial District investigated the incident underlying this case. Denver further admits that the Denver District Attorney charged and prosecuted Defendant Rodarte in relation to the incident underlying this case. Denver further admits that a Denver City & County jury acquitted Defendant Rodarte of those charges. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 3 of the Complaint and, thus, denies the same.

4.      Denver denies the allegations contained in paragraph 4 of the Complaint.

5.      Denver denies the allegations contained in paragraph 5 of the Complaint.

6.      Denver denies the allegations contained in paragraph 6 of the Complaint.

## II.      JURISDICTION AND VENUE

7.      In response to paragraph 7 of the Complaint, Denver admits that Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and that jurisdiction exists for this action under 28 U.S.C. § 1331. Denver denies that any constitutional violation occurred and that Plaintiff is entitled to recover damages, attorneys' fees, or costs in this matter.

8.      In response to paragraph 8 of the Complaint, Denver does not dispute the jurisdiction of this Court but denies that Plaintiff is entitled to recover damages, attorneys' fees, or

costs in this matter.

9.      Denver admits the allegations contained in paragraph 9 of the Compliant.

### III.    PARTIES

10.     Denver is without information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint and, thus, denies the same.

11.     Denver admits that the Individual Defendants were acting under the color of state law and were employed as law enforcement officers by DPD at the time of the August 22, 2018 incident and that claims in this lawsuit are asserted against the Individual Defendants in their individual capacity. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 11 of the Complaint and, thus, denies the same.

12.     Denver admits that the City and County of Denver is a Colorado home rule municipal corporation and that DPD is an agency within Denver's Department of Safety. Denver denies the remaining allegation contained in paragraph 12 of the Compliant.

### IV.    FACTUAL ALLEGATIONS

13.     In response to paragraph 13 of the Complaint, Denver admits that Plaintiff was seventeen years old on August 22, 2018. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 13 of the Complaint and, thus, denies the same.

14.      In response to paragraph 14 of the Complaint, Denver admits that multiple 9-1-1 calls were made relating to or regarding Plaintiff on August 22, 2018 and that those recordings speak for themselves. Denver denies the allegations contained in paragraphs 14 of Plaintiff's Complaint to the extent they are inconsistent with the recordings.

15.     Denver admits the allegations contained in paragraph 15 of the Complaint.

3

16.     In response to paragraph 16 of the Complaint, Denver admits that Defendant Rodarte had been employed by DPD for over 20 years and that Defendant Rodarte stopped his vehicle near 2240 S. Jason St. Denver further states that radio communications with police dispatch on August 22, 2018 speak for itself and, thus, denies the allegations in paragraph 16 of Plaintiff's Complaint inconsistent therewith. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 16 of the Complaint and, thus, denies the same.

17.     In response to paragraph 17 of the Complaint, Denver admits that Defendant Rodarte was the subject of at least 20 complaints related to inappropriate force. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 17 of the Complaint and, thus, denies the same.

18.     In response to paragraph 18 of the Complaint, Denver admits that Defendant Rodarte was suspended twice in 2017 for DPD policy violations. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 18 of the Complaint and, thus, denies the same.

19.     In response to paragraph 19 of the Complaint, Denver admits a November 6, 2017 disciplinary letter was sent to Defendant Rodarte and the content speaks for itself and, thus, denies the allegations in paragraphs 19 of Plaintiff's Complaint inconsistent therewith.

20.     In response to paragraph 20 of the Complaint, Denver admits that Defendant Rodarte has provided training on use of force and crisis intervention. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 20 of the Complaint and, thus, denies the same.

21.     In response to paragraph 21 of the Complaint, Denver admits that, as Plaintiff ran towards Defendant Rodarte's patrol car, Defendant Rodarte was standing several feet away from the vehicle. Denver further admits that Plaintiff briefly stood still while facing Defendant Rodarte and with his back turned to Defendant Martinez. Denver further admits that Defendant Martinez kicked Plaintiff from behind in an attempt to bring Plaintiff to the ground. Denver denies any remaining allegations contained in paragraph 21.

22.     In response to paragraph 22 of the Complaint, Denver admits that Plaintiff made a noise and ran into the parking lot of Loris & Eddie's Auto Repair and that Defendants Rodarte and Martinez followed Plaintiff on foot. Denver further admits that Officer Ocampo and Defendant Watson also approached the mechanic's shop on foot. Denver denies any remaining allegations contained in paragraph 22 of the Complaint.

23.     In response to the allegations contained in paragraph 23 of the Complaint, Denver admits that Plaintiff ran into the mechanics garage and then ran back out of the garage several seconds later. Denver further admits that Defendant Martinez was standing at the entrance of the garage as Plaintiff was running out and that Defendant Martinez had his Taser drawn at that time. Denver further admits that Defendant Martinez made contact with Plaintiff as he ran out of the garage, causing Plaintiff to fall. Denver denies any remaining allegations contained in paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, Denver admits that Plaintiff then fell towards Defendant Rodarte and that Defendant Rodarte was holding his baton (a/k/a "Rapid Containment Baton" or "RCB") in his hands. Denver denies the remaining allegations contained in paragraph 24.

25.     In response to paragraph 25 of the Complaint, Denver admits that Defendant Rodarte's baton hit Plaintiff's face. Denver further admits that Defendant Martinez said "Oh!" after Defendant Rodarte struck Plaintiff with the baton but is without sufficient knowledge or information to admit or deny why Defendant Martinez said "Oh!" and thus denies the allegation speculating as to such. Denver further admits that Plaintiff then fell to the ground and that Defendant Rodarte then struck Plaintiff again with the baton while Plaintiff was on the ground. Denver denies any remaining allegations contained in paragraph 25 of the Complaint.

26.     In response to the allegation contained in paragraph 26 of the Complaint, Denver admits that Defendant Rodarte struck one of Plaintiff's legs two times. Denver denies the remaining allegations contained in paragraph 26.

27.     In response to paragraph 27 of the Complaint, Denver admits that Defendant Rodarte told Plaintiff "lay down" and "on your belly." Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 27 and, thus, denies the same.

28.     In response to paragraph 28 of the Complaint, Denver admits that Plaintiff fell to the left and Officer Ocampo began to place Plaintiff in handcuffs while Defendant Watson was standing in proximity to Plaintiff and assisted Officer Ocampo by attempting to control Plaintiff. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 28 and, thus, denies the same.

29.     In response to paragraph 29 of the Complaint, Denver admits that Defendant Rodarte approached Plaintiff as Defendant Watson was assisting Officer Ocampo in the attempt to control Plaintiff. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 29 and, thus, denies the same.

6

30.     In response to paragraph 30 of the Complaint, Denver admits that Defendant Rodarte swung the baton two more times at Plaintiff's leg while he was resisting being taken into custody. Denver denies the remaining allegations contained in paragraph 30 of the Complaint.

31.     In response to paragraph 31 of the Complaint, Denver admits that Plaintiff then fell to the pavement and rolled around for about five seconds. Denver further admits that Defendants Martinez and Watson each fired their Tasers at Plaintiff. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 31 and, thus, denies the same.

32.     In response to paragraph 32 of the Complaint, Denver is without information sufficient to admit or deny whether Plaintiff was incapacitated at that time and thus denies the same. Denver denies that both of Plaintiff's wrists were handcuffed at this stage of the incident. Denver admits the remaining allegations contained in paragraph 32 of the Complaint.

33.     In response to paragraph 33 of the Complaint, Denver admits that Defendant Rodarte applied his nunchucks to Plaintiff's lower right leg. Denver denies the remaining allegations contained in paragraph 33.

34.     In response to paragraph 34 of the Complaint, Denver admits that Officer Ocampo finished handcuffing Plaintiff while Defendant Rodarte had the nunchucks applied to Plaintiff's lower right leg. Denver denies the remaining allegations contained in paragraph 34.

35.     Denver denies the allegations contained in paragraph 35 of the Complaint.

36.     In response to paragraph 36 of the Complaint, Denver admits that neither Defendant Watson nor Defendant Martinez intervened in Defendant Rodarte's actions. Denver denies the remaining allegations contained in paragraph 36 of the Complaint.

37.     In response to paragraph 37 of the Complaint, Denver admits Defendant Rodarte released the nunchucks from Plaintiff's leg and then stood up from his crouched stance after Officer Ocampo finished handcuffing Plaintiff. Denver denies the remaining allegations contained in paragraph 37 of the Complaint.

38.     Denver denies the allegations contained in paragraph 38 of the Complaint.

39.     Denver denies the allegations contained in paragraph 39 of the Complaint.

40.     In response to paragraph 40 of the Complaint, Denver admits that two body worn camera videos are available at the link provided in this paragraph. Denver denies the remaining allegations in paragraph 40.

41.     In response to paragraph 41 of the Complaint, Denver admits Plaintiff was transported via ambulance to Denver Health Medical Center. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 41 of the Complaint and, thus, denies the same.

42      Denver is without information sufficient to admit or deny the allegations contained in paragraph 42 of the Complaint and, thus, denies the same.

43.     Denver is without information sufficient to admit or deny the allegations contained in paragraph 43 of the Complaint and, thus, denies the same.

44.     Denver is without information sufficient to admit or deny the allegations contained in paragraph 44 of the Complaint and, thus, denies the same.

45.     In response to paragraph 45 of the Complaint, Denver admits Defendant Rodarte was criminally prosecuted in relation to the underlying incident. Denver is without information

sufficient to admit or deny the remaining allegations contained in paragraph 45 of the Complaint and, thus, denies the same.

46.     Denver is without information sufficient to admit or deny the allegations contained in paragraph 46 of the Complaint and, thus, denies the same.

47.     Denver is without information sufficient to admit or deny the allegations contained in paragraph 47 of the Complaint and, thus, denies the same.

48.     Denver is without information sufficient to admit or deny the allegations contained in paragraph 48 of the Complaint and, thus, denies the same.

49.     In response to paragraph 49 of the Complaint, Denver admits that none of the Individual Defendants unholstered their service revolver at any point during the incident. Denver further states that the radio communications with police dispatch on August 22, 2018 speaks for itself and, thus, denies the allegations in paragraph 49 of the Complaint inconsistent therewith. Denver is without information sufficient to admit or deny the remaining allegations contained in paragraph 49 of the Complaint and, thus, denies the same.

50.     Denver is without information sufficient to admit or deny the allegations contained in paragraph 50 of the Complaint and, thus, denies the same.

51.     Denver admits the allegations contained in paragraph 51 of the Complaint.

52.     In response to paragraph 52 of the Complaint, Denver admits that Defendant Rodarte resigned from DPD in lieu of termination in May of 2020. Denver further admits that Defendants Martinez and Watson were disciplined for the incident underlying this lawsuit and suspended for ten days. Denver denies any remaining allegations in paragraph 52 of the Complaint.

53.     In response to paragraph 53 of the Complaint, Denver admits that Defendant Rodarte was a DPD Sergeant. Denver denies the remaining allegations contained in paragraph 53 of the Complaint.

54.     Denver denies the allegations contained in paragraph 54 of the Complaint.

55.     Denver denies the allegations contained in paragraph 55 of the Complaint.

56.     Denver denies the allegations contained in paragraph 56 of the Complaint.

57.     Denver denies the allegations contained in paragraph 57 of the Complaint.

58.     Denver denies the allegations contained in paragraph 58 of the Complaint.

59.     In response to paragraph 59 of the Complaint, Denver admits that DPD Officers used less lethal munitions during May and June 2020 protests. Denver further admits that Judge Brooke Jackson issued a preliminary injunction prohibiting, among other things, the use of chemical agents and projectiles on protestors unless certain conditions were present. Denver denies the remaining allegations contained in paragraph 59.

60.     Denver denies the allegations contained in paragraph 60 of the Complaint (and the 28 pages of unnumbered allegations, argument, and legal conclusions referenced therein).

61.     Denver denies the allegations contained in paragraph 61 of the Complaint.

62.     Denver denies the allegations contained in paragraph 62 of the Complaint.

63.     Denver denies the allegations contained in paragraph 63 of the Complaint.

64.     Denver denies the allegations contained in paragraph 64 of the Complaint.

65.     Denver denies the allegations contained in paragraph 65 of the Complaint.

66.     Denver denies the allegations contained in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint contains a legal conclusion to which a response is not required. To the extent a response is required, Denver denies the allegations contained in paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains a legal conclusion to which a response is not required. To the extent a response is required, Denver denies the allegations contained in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint contains a legal conclusion to which a response is not required. To the extent a response is required, Denver denies the allegations contained in paragraph 69 of the Complaint.

## V.     STATEMENT OF CLAIMS FOR RELIEF

70.     In response to the allegations contained in paragraph 70 of the Complaint, Denver incorporates its responses to all other paragraphs of the Complaint, as if fully set forth herein.

71.     In response to paragraph 71 of the Complaint, Denver admits Defendants Rodarte, Watson, and Martinez were employed as law enforcement officers by DPD at the time of the August 22, 2018 incident and, accordingly, were acting under the color of state law.

72.     Paragraph 72 contains a legal conclusion to which no response is required. To the extent a response is required, Denver admits there is a Fourth Amendment right to be free from excessive force.

73.     Paragraph 73 contains a legal conclusion to which no response is required. To the extent a response is required, Denver admits there is duty to intervene to prevent obvious excessive force if there is an opportunity to do so under certain circumstances.

74.     Paragraph 74 contains a legal conclusion to which no response is required. To the extent a response is required, Denver is without sufficient information to admit or deny  the allegations contained in paragraph 74 of the Complaint and, thus, denies the same.

75.     Paragraph 75 contains a legal conclusion to which no response is required. To the extent a response is required, Denver is without sufficient information to admit or deny the allegations contained in paragraph 75 of the Complaint and, thus, denies the same.

76.     Paragraph 76 contains a legal conclusion to which no response is required. To the extent a response is required, Denver is without sufficient information to admit or deny the allegations contained in paragraph 76 of the Complaint and, thus, denies the same.

77.     Paragraph 77 contains a legal conclusion to which no response is required. To the extent a response is required, Denver denies the allegations contained in paragraph 77 of the Complaint.

78.     Paragraph 78 contains a legal conclusion to which no response is required. To the extent a response is required, Denver is without sufficient information to admit or deny the allegations contained in paragraph 78 of the Complaint and, thus, denies the same.

79.     Paragraph 79 contains a legal conclusion to which no response is required. To the extent a response is required, Denver is without sufficient information to admit or deny the allegations contained in paragraph 79 of the Complaint and, thus, denies the same.

80.     Paragraph 80 contains a legal conclusion to which no response is required. To the extent a response is required, Denver denies the allegations contained in paragraph 80 of the Complaint.

81.     Paragraph 81 contains a legal conclusion to which no response is required. To the extent a response is required, Denver is without sufficient information to admit or deny the allegations contained in paragraph 81 of the Complaint and, thus, denies the same.

82.     Paragraph 82 contains a legal conclusion to which no response is required. To the extent a response is required, Denver denies the allegations contained in paragraph 82 of the Complaint.

83.     Denver denies the allegations contained in paragraph 83 of the Complaint.

84.     Denver denies the allegations contained in paragraph 84 of the Complaint.

85.     Denver denies the allegations contained in paragraph 85 of the Complaint.

86.     Denver denies the allegations contained in paragraph 86 of the Complaint.

87.     Paragraph 87 contains a legal conclusion to which no response is required. To the extent a response is required, Denver admits it has a duty to abide by the Constitution and train its officers to do the same.

88.     Denver denies the allegations contained in paragraph 88 of the Complaint.

89.     Denver denies the allegations contained in paragraph 89 of the Complaint.

90.     Denver denies the allegations contained in paragraph 90 of the Complaint.

## PRAYER FOR RELIEF

Denver denies all the allegations contained in the unnumbered Prayer for Relief contained the Complaint and affirmatively denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

In addition to the specific responses asserted above, Denver denies each and every allegation contained in the Complaint, including but not limited to the unnumbered allegations

contained in the section headings and subheadings throughout Plaintiff's Complaint, except to the extent expressly and specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted against Denver, in whole or in part.

2.      Plaintiff fails to identify an unconstitutional policy, practice or custom underlying his municipal liability claim against Denver.

3.      Defendant Denver cannot be held liable under 42 U.S.C. § 1983 on grounds of respondeat superior or vicarious liability.

4.      Defendant Denver's policies were, at all relevant times, in conformance with established constitutional and statutory law with respect to all issues relevant in this action.

5.      Defendant Denver's training, supervision, and discipline of its police officers met or exceeded constitutional and statutory standards with respect to all topics relevant to this action.

6.       Plaintiff's damages, if any, were not proximately caused by the acts or omissions of Defendant Denver.

7.      Plaintiff may have failed to mitigate his damages, injuries, and losses.

8.      Plaintiff's claim for punitive damages against Defendant Denver is barred. *Smith v. Wade*, 461 U.S. 30, 36 n.5 (1983).

9.      Plaintiff's claims should be reduced by the amount to which Plaintiff has been wholly or partially indemnified or compensated in relation to the injury and damages sustained pursuant to a collateral source.

10.      Defendant reserves the right to assert additional defenses should factual bases

become known during discovery or otherwise.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues

so triable.

Dated this 12th day of March 2021.

By: *s/ Conor D. Farley*
Conor D. Farley, Assistant City Attorney
Denver City Attorney's Office, Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: conor.farley@denvergov.org
*Attorney for Defendant City and County of Denver*

### CERTIFICATE OF SERVICE

I certify that on this 12th day of March 2021 I electronically filed the foregoing **DEFENDANT CITY AND COUNTY OF DENVER'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David Lane
Reid Allison
Killmer, Lane & Newman, LLP
dlane@kln-law.com
rallison@kln-law.com

Joseph J. Perkovich
Phillips Black
j.perkovich@phillipsblack.org
*Attorneys for Plaintiff*

Eric M. Ziporin
Betsy L. Stewart
SGR, LLC
eziporin@sgrllc.com
bstewart@sgrllc.com
*Attorneys for James Martinez*

Sara L. Cook
Vaughan & DeMuro
scook@vaughandemuro.com
*Attorney for Defendant Joseph Rodarte*

Andrew D. Ringel
Hall & Evans, LLC
ringela@hallevans.com
*Attorney for Defendant Douglas Watson*

*s/ Conor D. Farley*
Denver City Attorney's Office